# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STEPHEN ORMSBY GALLAGHER II,** | * | |
| **Appellant,** | * | |
| **v.** | * | **Civ. No. DLB-24-1998** |
| **MERRILL COHEN,** | * | |
| **Appellee.** | * | |

## MEMORANDUM OPINION

Stephen Ormsby Gallagher II appeals a bankruptcy court order denying his motion for reconsideration of an order striking a financial means test that Gallagher relied on as part of his effort to dismiss his Chapter 7 bankruptcy proceedings. For the following reasons, the Court affirms the bankruptcy court's order.

### I.     Background

On August 1, 2022, Gallagher, representing himself, filed a Voluntary Petition for Relief pursuant to Chapter 7 of the U.S. Bankruptcy Code. ECF 1 in *In re Gallagher*, No. 22-14180 (Bankr. D. Md. Aug. 1, 2022). Chapter 7 bankruptcy "allows debtors to discharge their outstanding debts in exchange for liquidating their nonexempt assets and distributing them to their creditors." *See Janvey v. Romero*, 883 F.3d 406, 411 (4th Cir. 2018).

Not everyone qualifies for a discharge under Chapter 7. Under § 707(b) of the Bankruptcy Code, if a debtor's average monthly disposable income exceeds the statutory threshold, then the debtor's bankruptcy case is "presumptively abusive" and *must* be dismissed unless the debtor rebuts the presumption. *See McDow v. Dudley*, 662 F.3d 284, 288 (4th Cir. 2011). Consonant with that requirement, a Chapter 7 debtor must file Form 122A-1, Chapter 7 Statement of Your Current Monthly Income, along with their bankruptcy petition. The form reports the debtor's average

monthly income in the six months before the debtor files for bankruptcy and compares that income to the median income for households of the same size in the debtor's state. If the debtor's monthly income is less than the median income, there is no presumption of abuse.

If the debtor's monthly income exceeds the median income, the debtor completes a second form, Form 122A-2, Chapter 7 Means Test Calculation. This form is sometimes called the "means test." The form allows the debtor to deduct certain debts and expenses, such as for food, health care, and housing, from the debtor's income. Then, after these deductions are totaled and the debtor's adjusted income is calculated, the form directs the debtor to determine whether the net income generates a presumption of abuse. To do so, the debtor multiplies their monthly net income by 60, to show their expected net revenue over the next five years. If that figure exceeds a certain amount, there is a presumption of abuse. *See* 11 U.S.C. § 707(b)(2)(A)(i).

When Gallagher filed for bankruptcy, he was unemployed. ECF 5-25. Gallagher submitted his Form 122A-1 on September 1, 2022. ECF 5-26. He stated that his average monthly income in the six months preceding his petition was $4,660.47 and his annual income was $55,925.68. *Id.* at 1–2. Gallagher's reported annual income was less than $75,214.00, the median income of a one-person household in Maryland at the time. *Id.* at 2; *see* United States Trustee Program, United States Department of Justice, *Census Bureau Median Family Income by Family Size*, https://www.justice.gov/ust/eo/bapcpa/20220515/bci_data/median_income_table.htm [https://perma.cc/A93Y-WX45]. Thus, Gallagher's income did not generate a presumption of abuse.

Later that year, Gallagher got a job. He moved to convert his Chapter 7 bankruptcy to Chapter 13 bankruptcy. ECF 70 in *In re Gallagher*, No. 22-14180 (Bankr. D. Md. Aug. 1, 2022). Chapter 13 bankruptcy enables debtors with regular income to develop a plan to repay all or part

of their debts over a period of three to five years. In Chapter 13 bankruptcy, unlike Chapter 7, the debtor may retain their assets rather than liquidate them. One of Gallagher's major assets was his home. The bankruptcy court granted Gallagher's motion and converted his bankruptcy case to Chapter 13. ECF 72 in *In re Gallagher*, No. 22-14180. Over the next eight months, Gallagher proposed several Chapter 13 bankruptcy plans to repay his creditors. ECF 79, 98, & 103 in *In re Gallagher*, No. 22-14180. The bankruptcy court denied the plans because they did not comply with the Bankruptcy Code. ECF 101 & 119 in *In re Gallagher*, No. 22-14180. The bankruptcy court granted Gallagher leave to file an amended Chapter 13 plan by August 22, 2023, ECF 119 in *In re Gallagher*, No. 22-14180, but Gallagher did not file an amended plan by that date. On August 25, 2023, the bankruptcy court converted Gallagher's Chapter 13 bankruptcy case to a Chapter 7 case because he did not file an amended Chapter 13 plan. ECF 121 in *In re Gallagher*, No. 22-14180.

Now back in Chapter 7 bankruptcy, Gallagher filed a new Form 122A-1 that contained his income from his latest job. ECF 5-27. Gallagher reported his monthly income as $11,489.36 and his annual income as $137,872.28—the amount he was earning in August 2023 when his bankruptcy case was converted back to Chapter 7. *Id.* at 1–2; ECF 5-28. Gallagher's reported income exceeded that of the median one-person household in Maryland. *See* ECF 5-27, at 2. So Gallagher completed Form 122A-2, which, after deductions for Gallagher's debts and expenses, showed a presumption of abuse of the bankruptcy process. *Id.* at 4–12. The bankruptcy court, Gallagher, and the Trustee refer to Gallagher's amended Form 122A-1 and Form 122A-2 collectively as his "amended means test." The Clerk of Court confirmed that the financial information Gallagher provided in the amended means test gave rise to a presumption of abuse. ECF 127-1 in *In re Gallagher*, No. 22-14180. Gallagher declined to rebut the presumption of

abuse—after all, Gallagher did not want to be in Chapter 7 bankruptcy—and moved to dismiss his Chapter 7 case under 11 U.S.C. § 707(b) because his case was "presumptively abusive" and therefore had to be dismissed. ECF 5-27, at 12; ECF 128 in *In re Gallagher*, No. 22-14180.

On November 1, 2023, the bankruptcy court denied Gallagher's motion to dismiss his Chapter 7 case. ECF 135 & 136-1 in *In re Gallagher*, No. 22-14180. Though Gallagher and the Trustee agreed that the amended means test gave rise to a presumption of abuse, the bankruptcy court held that it had discretion to deny a motion to dismiss under § 707(b) notwithstanding the presumption of abuse. ECF 135 in *In re Gallagher*, No. 22-14180, at 1. The court found that Gallagher's creditors would be prejudiced by dismissal. *Id.* On November 17, 2023, Gallagher appealed the denial of his motion to dismiss his Chapter 7 case under § 707(b). ECF 140 in *In re Gallagher*, No. 22-14180.

Meanwhile, the Chapter 7 bankruptcy proceedings continued. On January 3, 2024, the Trustee moved to sell Gallagher's house. ECF 159 in *In re Gallagher*, No. 22-14180. On January 16, Gallagher filed an emergency motion in this Court to stay the bankruptcy court proceedings pending the resolution of his appeal. ECF 9 in *In re Gallagher*, No. 23-3135 (D. Md. Nov. 17, 2023). Gallagher argued that the bankruptcy court lacked jurisdiction over the bankruptcy proceedings while his appeal was pending and that the sale of his house would cause him irreparable injury. *Id.* at 9–14. A month later, on February 13, 2024, the Trustee filed a motion to strike Gallagher's amended means test in the bankruptcy court because Gallagher had reported his income for the wrong period—the six months preceding the conversion of his case from Chapter 13 to Chamber 7. ECF 5-24. The Trustee argued that the correct period was the six months preceding the filing of his bankruptcy case. *Id.* at 3. If the bankruptcy court had considered the

correct period when deciding the motion to dismiss Gallagher's Chapter 7 case, the Trustee argued, no presumption of abuse would have existed. *Id.*

On March 6, 2024, while the motion to strike was pending in the bankruptcy court, this Court held a hearing on Gallagher's motion to stay the bankruptcy proceedings. Gallagher stated that he wanted to stay the sale of his house because he believed he was not eligible for Chapter 7 bankruptcy and the bankruptcy court should have dismissed his Chapter 7 case. ECF 25 in *In re Gallagher*, No. 23-3135, at 4:21–5:24. The Court found that Gallagher's appeal of the denial of his motion to dismiss divested the bankruptcy court of jurisdiction over the Trustee's motion to sell his house. *Id.* at 8:17–9:5. The Court denied his motion to stay the bankruptcy proceedings as moot. *Id.* at 9:4–5. At the end of the hearing, the Trustee asked the Court whether Gallagher's pending appeal also divested the bankruptcy court of jurisdiction over its motion to strike Gallagher's amended means test. *Id.* at 9:18–21. The Court asked Gallagher for his position. *Id.* at 9:22. In response, Gallagher said, "I don't think striking the paperwork would affect the court record at this point," *id.* at 10:5–8, though he admitted that he was "not really sure," *id.* at 10:12–13. The Court pressed Gallagher further: "My understanding is that the Trustee is taking the position that the motion pending before the bankruptcy court in the Chapter 7 case was a motion to strike appellant's amended means test, that this appeal does not divest the bankruptcy court of jurisdiction over that. What is your position?" *Id.* at 10:17–22. Gallagher replied, "I mean, that sounds accurate to me." *Id.* at 10:23. The Court concluded: "Okay. That's the answer then[.]" *Id.* at 10:24–25.

Several weeks later, on March 27, 2024, while Gallagher's appeal of the denial of the motion to dismiss was still pending before this Court, the bankruptcy court held a virtual hearing on the Trustee's motion to strike Gallagher's amended means test. ECF 7. At the scheduled start

time, the Trustee and his counsel did not appear for the hearing. So a member of the bankruptcy court's staff resent them the meeting information and called them to "find out if they were intending to join the hearing." ECF 8, at 24:21–22:14. Eventually, the Trustee's counsel joined the virtual hearing, and the bankruptcy court heard argument on the motion to strike. ECF 7-1, at 5:9–8:10. Gallagher opposed the motion because, in his view, it did not comply with Federal Rule of Civil Procedure 12(f) for two reasons: it was untimely, and it did not establish that his amended means test was "redundant, immaterial, impertinent, or scandalous," a threshold requirement of Rule 12(f). ECF 7-1, at 7:6–16; ECF 5-22, at 1–2 (quoting Fed. R. Civ. P. 12(f)). Gallagher did not oppose the motion to strike his amended means test on the ground that the pending appeal divested the bankruptcy court of jurisdiction over the motion. In fact, no one at the hearing questioned whether the bankruptcy court had jurisdiction over the motion to strike.

Invoking its inherent powers under 11 U.S.C. § 105(a), the bankruptcy court struck Gallagher's amended means test because the test relied on reported income from an incorrect period. ECF 7-1, at 8:24–9:1; ECF 5-20. The court held that the applicable period for Gallagher's means test calculation was the six months before the date he filed for Chapter 7 bankruptcy, which was August 1, 2022, not the six months before the conversion of his Chapter 13 bankruptcy case to one under Chapter 7. ECF 7-1, at 11:7–11, 12:3–6.[1] The bankruptcy court also determined that the Trustee's delay in filing the motion to strike was not a valid reason to deny the motion because the court had a responsibility to enforce the Bankruptcy Code and to ensure that it determined

---

[1] Gallagher did not report his income for a six-month period at all. Instead, he reported the income he received after he began his new job on July 25, 2023—one month before his case was converted back to Chapter 7 on August 25, 2023. ECF 7-1, at 6:9–11 (Trustee stating that Gallagher reported in his amended means test income from "his employment with the Face* Group, which began . . . on July 25th, 2023"). Thus, Gallagher's reported income was based on two paychecks paid on August 11, 2023 and August 25, 2023, not on his income for the entire preceding six-month period. *Id.* at 6:11–15.

Gallagher's monthly income correctly. *Id.*, at 13:1–19. With the amended means test struck, Gallagher's initial Form 122A-1 was the operative means test. *Id.* at 12:7–10.

On April 12, 2024, the Trustee filed a motion to dismiss Gallagher's appeal as moot. ECF 21 in *In re Gallagher*, No. 23-3135. The Trustee argued that the striking of the amended means test eliminated the basis for Gallagher's motion to dismiss his presumptively abusive Chapter 7 case because the now-stricken amended means test was the sole justification for finding the presumption of abuse. *Id.* at 2. And without a presumption of abuse, the Trustee argued, the bankruptcy court's denial of Gallagher's motion was justified. *Id.*

On April 15, 2024, this Court vacated the bankruptcy court's order denying Gallagher's motion to dismiss under 11 U.S.C. § 707(b). *Gallagher v. Cohen (In re Gallagher)*, 659 B.R. 57, 68 (D. Md. 2024). This Court held "that when an unrebutted presumption of abuse arises in a Chapter 7 bankruptcy case and the debtor does not consent to conversion, the bankruptcy court must grant a motion to dismiss under [11 U.S.C.] § 707(b)." *Id.* Both of those conditions had been met: Gallagher and the Trustee agreed that the amended means test gave rise to an unrebutted presumption of abuse, and Gallagher did not seek to reconvert his case to Chapter 13. *Id.* Thus, "the bankruptcy court had a duty to grant the motion to dismiss." *Id.* This Court remanded the case to the bankruptcy court "for further proceedings consistent with [its] opinion." *Id.* The Court acknowledged that the amended means test had been struck, noting that it was "[n]o wonder" that the Trustee had moved to strike the amended means test and the bankruptcy court had granted the motion. *Id.* at 65. In a footnote, the Court instructed the bankruptcy court to "determine the

consequences of the motion to strike in the first instance." *Id.* at 68 n.1. The Court denied the Trustee's motion to dismiss the appeal as moot. *Id.*

On remand, Gallagher renewed his § 707(b) motion to dismiss his Chapter 7 case, again arguing that his bankruptcy petition was abusive because of his current income. ECF 5-18, at 10. The bankruptcy court promptly scheduled a hearing on the motion to dismiss for June 27, 2024. ECF 185 in *In re Gallagher*, No. 22-14180. Two days before the hearing, Gallagher filed a motion for relief from judgment under Federal Rule of Bankruptcy Procedure 9024, the Bankruptcy Code's equivalent of Federal Rule of Civil Procedure 60. ECF 5-8. In that motion, Gallagher argued, for the first time, that the bankruptcy court had lacked jurisdiction over the motion to strike the amended means test while the appeal of the denial of the motion to dismiss was pending in this Court. *Id.* at 6–10. Gallagher also argued that the motion to strike was untimely and meritless and that the bankruptcy court had engaged in improper ex parte communications with the Trustee when court staff reminded the Trustee to join the March 27, 2024 virtual hearing. *Id.* at 10–18.

At the June 27, 2024, hearing, the bankruptcy court resolved Gallagher's motion to dismiss under § 707(b), his motion for relief from judgment under Rule 9024, and the Trustee's motion to sell Gallagher's home and application for compensation for the real estate agent. ECF 8. Beginning with the motion to dismiss, the bankruptcy court acknowledged there was no presumption of abuse based on Gallagher's initial Form 122A-1, but the court nevertheless considered, under 11 U.S.C. § 707(b)(3), whether the totality of the circumstances indicated that Gallagher's Chapter 7 case was abusive and should be dismissed. *Id.* at 5:20–10:25. The bankruptcy court held that it did not have enough information to determine the totality of the circumstances and denied Gallagher's motion to dismiss. *Id.* at 10:24–25. The bankruptcy court also denied Gallagher's Rule 9024 motion. *Id.* at 11:20–12:21. The court found that it had jurisdiction over the motion to strike the

amended means test while the appeal was pending. The bankruptcy court observed that, in the April 15, 2024 opinion on Gallagher's appeal, this Court recognized that the bankruptcy court "had considered that motion to strike and granted it" and "did not say anything about that being related to the issue that was on appeal or whether the [bankruptcy c]ourt had jurisdiction." *Id.* The bankruptcy court also found that the motion to strike "was not the issue that was on appeal," so it could exercise jurisdiction over it. *Id.* at 11:20–25. Finally, the bankruptcy court granted the Trustee's motion to sell Gallagher's house and the application for compensation. *Id.* at 25:15–16, 26:17–18.

Gallagher appealed the bankruptcy court's denial of his Rule 9024 motion. ECF 1. Upon review of the parties' briefs, ECF 10-1, 11, & 12, and the record, ECF 3, 4, 5, 7 & 8, the Court finds a hearing is not necessary. *See* Fed. R. Bankr. P. 8019; Loc. R. 105.6 (D. Md. 2025).[2]

## II.   Standard of Review

The Court has jurisdiction over appeals from the bankruptcy court. 28 U.S.C. § 158(a). The standard of review of a bankruptcy appeal in district court is the same standard used by appellate courts to review a district court proceeding. *See id.* § 158(c)(2). A bankruptcy appeal "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ." *Id.*; *see also In re Howes*, 563 B.R. 794, 804 (D. Md. 2016) (citing 28 U.S.C. § 158(c)(2)); *Conrad v. Schlossberg*, 555 B.R. 514, 515–16 (D. Md. 2016) (same). The Court "reviews a bankruptcy court's findings of fact for clear error and conclusions of law *de novo.*" *Rosen v. Kore Holdings, Inc. (In re Rood)*, 448 B.R. 149, 157 (D. Md. 2011); *see In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014). Where the issues present mixed questions of law

---

[2] Gallagher filed a motion to amend his brief with an amended brief, ECF 10 & 10-1, on the same day he filed his original brief, ECF 9. Gallagher's motion to amend his brief is granted.

and fact, the Court employs "a hybrid standard, applying to the factual portion of each inquiry the same standard applied to questions of pure fact and examining *de novo* the legal conclusions derived from those facts." *Gilbane Bldg. Co. v. Fed. Reserve Bank*, 80 F.3d 895, 905 (4th Cir. 1996). "The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings." *R&J Contractor Servs., LLC v. Vancamp*, 652 B.R. 237, 239, 241 (D. Md. 2023) (citing Fed. R. Bankr. P. 8013; *In re White*, 128 F. App'x 994, 999 (4th Cir. 2005); *Suntrust Bank v. Johnson*, No. RDB-06-734, 2006 WL 3498411, at *2 (D. Md. Dec. 4, 2006)).

## III.   Discussion

Gallagher appeals the bankruptcy court's denial of his motion under Federal Rule of Bankruptcy Procedure 9024. Rule 9024 makes Federal Rule of Civil Procedure 60(b) applicable in bankruptcy court. Fed. R. Bankr. P. 9024(a). "Rule 60(b) allows a court to 'relieve a party . . . from a final judgment, order or proceeding' on a limited number of grounds." *Wells Fargo Bank N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (alteration in original) (quoting Fed. R. Civ. P. 60(b)). "To prevail, a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Id.* "After a party has crossed this initial threshold, [it] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (alteration in original) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). Gallagher relies on three of Rule 60(b)'s six subsections: (b)(3), (b)(4), and (b)(6).[3]

---

[3] Neither Gallagher nor the Trustee discuss whether the threshold requirements have been met. And when the bankruptcy court denied Gallagher's Rule 9024 motion, it did not address them either. There is some authority that these threshold requirements do not apply to Rule 60(b)(4) motions challenging the court's jurisdiction. *See In re Heckert*, 272 F.3d 253, 256–57 (4th Cir. 2001) (noting that a Rule 60(b)(4) motion "is not subject to the reasonable time limitations imposed

The Court reviews the denial of a Rule 60(b)(4) motion *de novo*. *FTC v. Ross*, 74 F.4th 186, 190 (4th Cir. 2023). It reviews the denial of a motion brought under any other Rule 60(b) ground for abuse of discretion. *Id.*; *see also Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc).

### A.  Rule 60(b)(4)

The Court starts with Rule 60(b)(4) because Gallagher relies primarily on it. Under Rule 60(b)(4), a court may relieve a party from an order or judgment if "the judgment is void." A judgment is void only if the court that rendered judgment "lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir. 1992) (quoting 11 Wright & Miller, *Fed. Prac. & Proc.: Civil* § 2862, at 198–200 (1973)). Though Rule 60(b)(4) is "seemingly broad," the Fourth Circuit has "narrowly construe[d] the concept of a 'void' order under Rule 60(b)(4)." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). "Only when the jurisdictional error is 'egregious' will courts treat the judgment as void." *Id.* at 413 (quoting *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000)). In other words, "when deciding whether an order is 'void' under Rule 60(b)(4) for lack of subject matter jurisdiction," the court "must look for the 'rare instance of a clear usurpation of power.'" *Id.* (quoting *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998)). "A court plainly usurps jurisdiction 'only when there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction.'" *Id.* (internal quotation marks omitted) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

---

in the other provisions of Rule 60(b)"); *Sherman v. Litton Loan Servicing, LP*, No. 2:10cv567, 2011 WL 6203256, *1 n.2, *3 (E.D. Va. Dec. 13, 2011) (explaining that the threshold requirements have been "relaxed" for Rule 60(b)(4) motions). The Court need not decide whether Gallagher has satisfied the threshold requirements or whether the threshold requirements even apply to his challenge under Rule 60(b)(4), because the motion did not merit relief under Rule 60(b).

Gallagher argues that the bankruptcy court's order granting the Trustee's motion to strike his amended means test is void because, when the order was entered, the appeal of the order denying Gallagher's motion to dismiss was pending and that appeal divested the bankruptcy court of subject matter jurisdiction over the motion to strike.

As a general matter, "a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014); *see Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). "This same principle applies to bankruptcy courts." *In re Verma*, No. DKC-22-1130, 2022 WL 17850255, at *1 (D. Md. Dec. 22, 2022) (citing *In re Howes*, 563 B.R. at 806), *aff'd sub nom. Verma v. Staeven*, No. 23-1098, 2023 WL 8183320 (4th Cir. Nov. 27, 2023). To determine "whether a notice of appeal divests a bankruptcy court of jurisdiction over certain issues," district courts in the Fourth Circuit have applied the Fifth Circuit's "functional test." *E.g.*, *Green v. 1900 Cap. Tr. II by U.S. Bank Tr. Nat'l Ass'n*, 619 B.R. 121, 134 (D. Md. 2020) (citing *Bank of N.Y. Tr. Co. v. Pac. Lumber Co.* (*In re Scopac*), 624 F.3d 274, 280 (5th Cir. 2010)), *aff'd sub nom. Green v. Shellpoint Mortg. Servicing*, 834 F. App'x 18 (4th Cir. 2021); *In re Howes*, 563 B.R. at 806. Under the functional test, "once an appeal is pending, it is imperative that a lower court not exercise jurisdiction over those issues which, although not themselves expressly on appeal, nevertheless so impact the appeal so as to interfere with or effectively circumvent the appeal process." *Green*, 619 B.R. at 134 (quoting *In re Scopac*, 624 F.3d at 280); *see In re Howes*, 563 B.R. at 806–07 (applying functional test to conclude that appeal of "adversary proceeding did not divest the Bankruptcy Court of jurisdiction to issue the Escrow Order and the Dismissal Order in the underlying Chapter 13 case").

Against the backdrop of these legal principles, the question presented in this appeal must be clarified. If Gallagher had opposed the Trustee's motion to strike the amended means test *before* the bankruptcy court ruled on it, the question on appeal would be whether, under the functional test, the issues raised in the motion to strike would "so impact the appeal so as to interfere with or effectively circumvent the appeal process." *See Green*, 619 B.R. at 134 (quoting *In re Scopac*, 624 F.3d at 280). But that is not what happened. Gallagher did not challenge the bankruptcy court's jurisdiction over the motion to strike until *after* the motion was granted. Only then, in a Rule 9024 motion—the equivalent of a Rule 60(b) motion—did Gallagher first challenge the bankruptcy court's jurisdiction over the motion to strike. Thus, the question on appeal is not whether, under the functional test, the bankruptcy court had jurisdiction over the motion to strike the amended means test while the appeal was pending. The question is whether the bankruptcy court's exercise of jurisdiction over the motion to strike while the appeal was pending was so "egregious" that it amounted to a "clear usurpation of power." *See Wendt*, 431 F.3d at 413.

The answer to that question is no. Start with the jurisdictional challenge that Gallagher *did* raise. In his January 16, 2024 emergency motion to stay the bankruptcy proceedings while the appeal of the denial of the motion to dismiss was pending, Gallagher argued the bankruptcy court did not have jurisdiction over the bankruptcy proceedings. Gallagher's emergency motion was prompted by the Trustee's motion to sell his house. The motion to stay did not address the motion to strike the amended means test because that motion was not filed until February 13, 2024. During the March 6, 2024 hearing on the emergency motion to stay the bankruptcy proceedings, the Court found that the bankruptcy court did not have jurisdiction over the motion to sell Gallagher's house while the appeal was pending. At the end of the hearing, the Trustee raised whether the bankruptcy court had jurisdiction over the pending motion to strike the amended means test, which had been

filed a month earlier. Gallagher conceded that the bankruptcy court retained jurisdiction over the motion to strike notwithstanding the pending appeal. *See* ECF 25 in *In re Gallagher*, No. 23-3135, at 10:17–23. Neither Gallagher, the Trustee, nor the Court expressed a concern that the bankruptcy court's exercise of jurisdiction over the motion to strike while the appeal was pending would "interfere with or effectively circumvent the appeal process," *see Green*, 619 B.R. at 134, or be a "clear usurpation of power," *see Wendt*, 431 F.3d at 413.

Three weeks later, the bankruptcy court held a hearing on the Trustee's motion to strike the amended means test. At the hearing, Gallagher did not contest the bankruptcy court's jurisdiction there, either. Perhaps for good reason: It was reasonable to conclude that striking Gallagher's amended means test would not "interfere with or effectively circumvent" the pending appeal.

And in fact, the striking of the amended means test did not interfere with or circumvent the appeal at all. On appeal, the Court decided the discrete issue of whether the bankruptcy court had the discretion to deny the motion to dismiss under § 707(b)—a legal issue separate and distinct from whether the bankruptcy court could strike the amended means test. That the amended means test had been stricken while the appeal was pending did not interfere with or circumvent the appeal at all. In fact, in its ruling, the Court acknowledged the motion to strike the amended means test had been granted during the pendency of the appeal and characterized the motion to strike as a "matter[] not involved in the appeal." *In re Gallagher*, 659 B.R. at 62. Ultimately, the Court ruled in Gallagher's favor and remanded the case.[4]

---

[4] While the appeal was pending, and after the amended means test was stricken, the Trustee moved to dismiss the appeal as moot because the amended means test was no longer operative. ECF 21 in *In re Gallagher*, No. 23-3135. The Court did not find that the striking of the amended means test mooted the appeal. Instead, the Court resolved the discrete legal issue presented on appeal, which did not involve the motion to strike, and denied the motion to dismiss the appeal as moot.

On remand, the bankruptcy court found that it had jurisdiction over the motion to strike notwithstanding the appeal. As the court explained during the hearing on Gallagher's Rule 9024 motion, it "did not have jurisdiction with regard to the specific issue that was on appeal, but [the motion to strike the amended means test] was not the issue that was on appeal." ECF 8, at 11:20–25.

Under the circumstances of this case, the Court finds that the bankruptcy court's exercise of jurisdiction over the motion to strike the amended means test while the appeal of the denial of the motion to dismiss was pending was not so "egregious" that it amounted to a "clear usurpation of power." *See Wendt*, 431 F.3d at 413. Given that Gallagher conceded the bankruptcy court had jurisdiction over the motion to strike the amended means test when asked by this Court, that Gallagher did not challenge the bankruptcy court's jurisdiction over the motion until he lost the motion, and that this Court and the bankruptcy court believed the bankruptcy court had jurisdiction over the motion, the Court finds that the bankruptcy court did not "plainly usurp[] jurisdiction" when it granted the motion to strike while the appeal was pending. *See id.* There was not a "total want of jurisdiction," and there certainly was more than an "arguable basis on which [the court] could have rested a finding that it had jurisdiction." *See id.* (quoting *Nemaizer*, 793 F.3d at 65); *see also Johnson v. Devos*, No. GJH-15-1820, 2018 WL 2376309, at *3 (D. Md. May 24, 2018) (denying Rule 60(b)(4) motion for relief from judgment for lack of subject matter jurisdiction when both parties had agreed there was subject matter jurisdiction and it was "not a case where the Court acted on a claim that clearly fell outside of its federal question or diversity jurisdictions"). The bankruptcy court's order granting the motion to strike the amended means test was not void for lack of jurisdiction.

Gallagher seeks to set aside the order granting the motion to strike the amended means test for another reason: an alleged due process violation. As Gallagher sees it, the bankruptcy court erred by denying his Rule 9024 motion because he was denied due process at the hearing on the motion to strike. A court may grant relief under Rule 60(b)(4) because of "a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). The alleged due process violation occurred, according to Gallagher, when "[t]he Bankruptcy Court made multiple attempts to contact [the Trustee] and [his counsel] ex parte while Mr. Gallagher was left on hold in the Zoom hearing waiting room unaware." ECF 10-1, at 14. Gallagher claims that "[t]his delay and ex parte communication" before the hearing on the motion to strike violated his due process rights and that the order striking the amended means test is void. *Id.*

"[A]s a general rule, ex parte communications by an adversary party to a decision-maker in an adjudicatory proceeding are prohibited as fundamentally at variance with our conceptions of due process." *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 357 (4th Cir. 2007) (quoting *Thompson v. Greene*, 427 F.3d 263, 269 n.7 (4th Cir. 2005)). However, "[n]ot all ex parte proceedings violate due process or even raise a serious constitutional issue." *Simer v. Rios*, 661 F.2d 655, 679 (7th Cir. 1981) (rejecting "any notion of due process which would place an absolute prohibition on all ex parte contacts or proceedings"). To determine whether an ex parte communication violates due process, the court must focus "first, on the parties' opportunity to participate in the court's decision and, second, on whether the ex parte proceedings were unfairly prejudicial." *RZS Holdings AVV*, 506 F.3d at 357.

Gallagher has not shown that the bankruptcy court's staff member's ex parte communication with the Trustee and his counsel before the hearing on the motion to strike

deprived him of due process. These discussions between court staff and the Trustee and counsel concerned a routine scheduling matter. Court staff merely reminded them about the hearing because they had not appeared at the scheduled start time. As the bankruptcy judge stated, and as Gallagher does not dispute, the communication "did not go to the substance of any matters pending and was limited solely to whether anyone was going to be appearing for the hearing." ECF 8, at 25:7–9. The bankruptcy judge had no ex parte communications with the Trustee or his counsel. There were no prejudicial communications.[5] And for the duration of the hearing, Gallagher participated alongside his opponent. The ex parte, pre-hearing communications about hearing logistics did not prevent Gallagher from fully participating in the hearing. Gallagher was given "a full opportunity to participate in all legal proceedings." *See Simer*, 661 F.2d at 680. Gallagher has not shown that he was deprived of due process. The order granting the motion to strike the amended means test was not void because of a due process violation.

The bankruptcy court correctly denied Gallagher's motion under Rule 60(b)(4).

**B. Rule 60(b)(3) and 60(b)(6)**

The Court can easily dispose of Gallagher's theories under (b)(3) and (b)(6).

Rule 60(b)(3) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" because of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "In reviewing a request for such relief, a court does not assess the merits of a judgment but instead

---

[5] Gallagher argues that he was prejudiced because the ex parte communication afforded the Trustee "a procedural or tactical advantage." ECF 10-1, at 21. In his view, the communication shows impermissible "bias and favoritism" that "would obviously not be reciprocated if it were Mr. Gallagher who had failed to appear." *Id.* There is nothing inappropriate about a member of the court's staff calling a missing party to confirm their attendance at a hearing. And Mr. Gallagher's belief that the bankruptcy court would not extend the same courtesy to him is unfounded. This conduct certainly does not rise to the level of a due process violation.

focuses on whether the judgment was procured by unfair means." *Morgan v. Tincher*, 90 F.4th 172, 177 (4th Cir. 2024). Indeed, a motion under Rule 60(b)(3) "does not attack 'the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity' of the proceedings." *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). To prevail on a Rule 60(b)(3) motion, "(1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994).

Gallagher cannot clear this high hurdle. The Trustee's alleged misconduct is a misstatement of the applicable legal standard for motions to strike in bankruptcy court. At the hearing on the motion to strike, when Gallagher argued it did not comply with Rule 12(f), the Trustee said that "Rule 12 is not applicable in the Rules of Civil Procedure . . . as the Civil Procedure Rules aren't applicable in Bankruptcy Court." ECF 7-1, at 5:11–14. Gallagher insists the Trustee's statement was legally incorrect, and he further insists the statement was "fraudulent." *See* ECF 10-1, at 14. Regardless whether the statement was correct, Gallagher has not shown it was fraudulent.[6] Gallagher also has not shown that the Trustee engaged in any other type of misconduct that would warrant relief from an order or judgment, such as a failure to produce "clearly pertinent discovery material," *see Morgan*, 90 F.4th at 179; *Schultz*, 24 F.3d at 630, or perjury during trial, *see Great Coastal Exp., Inc. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers*, 675

---

[6] The Court need not decide whether the statement of law was accurate to resolve the issues on appeal, although it appears that Federal Rule of Civil Procedure 12(f) did not apply to the Trustee's motion to strike the amended means test. Federal Rule of Bankruptcy Procedure 7012(b) states, "Federal Rules of Civil Procedure 12(b)–(i) applies in an adversary proceeding." Gallagher's case was not an adversary proceeding. In any event, the bankruptcy court properly found that, Rule 12(f) aside, it had authority to strike the amended means test under its general power to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *See* ECF 7-1, at 12:11–25 (quoting 11 U.S.C. § 105(a)).

F.2d 1349, 1355 (4th Cir. 1982). He fails at the second step of the *Schultz* analysis. As for the third step, despite the Trustee's statement, Gallagher was able to "fully present[]" his argument against striking the amended means test. *See Schultz*, 24 F.3d at 630. The bankruptcy court did not abuse its discretion when it denied Gallagher's motion under Rule 60(b)(3).

Rule 60(b)(6) allows a court to grant relief from judgment because of "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, Rule 60(b)(6) "may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)–(5)." *Aikens*, 652 F.3d at 500 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)). This is a "stringent standard." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1621 (2025). "In a vast majority of cases finding that extraordinary circumstances do exist . . . , the movant is completely without fault for his or her predicament." *Id.* at 1620 (quoting 12 J. Moore *et al*., Moore's Fed. Prac. § 60.48[3][b], at 60–188 (3d ed. 2024)). A judge's error of law, standing alone, does not constitute extraordinary circumstances. *See generally Kemp v. United States*, 596 U.S. 528, 533–34 (2022) (holding that a movant may seek relief under Rule 60(b)(1) for a judge's legal mistake); *BLOM Bank SAL*, 145 S. Ct. at 1619 ("Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs.").

Gallagher has not shown extraordinary circumstances that justify relief. He complains that the bankruptcy court should not have granted the motion to strike because it was filed "excessive[ly] late[]."ECF 10-1, at 17. Gallagher is correct that the motion to strike was filed more than four months after he filed an inaccurate amended means test. But the Bankruptcy Code does not impose a deadline by which a party must file a motion to strike a document that contains a debtor's inaccurate financial information. Rather, the Bankruptcy Code empowers a bankruptcy

court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Code and to "tak[e] any action or mak[e] any determination necessary or appropriate . . . to prevent an abuse of process." 11 U.S.C. § 105(a). Exercising this power, the bankruptcy court properly struck Gallagher's amended means test because he did not report his income for the correct timeframe. *See In re Gallagher*, 659 B.R. at 65. The bankruptcy court acted well within its discretion to strike the inaccurate and misleading amended means test, even if the Trustee filed the motion to strike 138 days after the amended means test was filed. But whether the motion to strike was timely filed or not is beside the point. Even if the bankruptcy court legally erred when it granted a late-filed motion to strike, a judge's legal error is not an extraordinary circumstance justifying relief under Rule 60(b)(6). Moreover, Gallagher bears some blame for his predicament. He submitted the incorrect financial information to the bankruptcy court; he agreed that the bankruptcy court had jurisdiction over the motion to strike the amended means test while the appeal was pending; and he did not challenge the bankruptcy court's jurisdiction over the motion to strike until the motion was granted. Gallagher has not identified any extraordinary circumstances that justify relief from the bankruptcy court's order. The bankruptcy court did not abuse its discretion when it denied Gallagher's motion under Rule 60(b)(6).

The bankruptcy court properly denied Gallagher's Rule 9024 motion to reconsider the order striking the amended means test.

## IV.     Conclusion

For the reasons above, this Court affirms the decision of the bankruptcy court. A separate order follows.

Date: August 21, 2025

Deborah L. Boardman
United States District Judge